NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
MARCO LAVERDE, et al.,                  :
                                        :
               Plaintiffs,              :
       v.                               :        CIVIL ACTION NO. 08-1946 (JLL)
                                        :
SIRIUS AMERICAN INSURANCE               :        **OPINION**
COMPANY,                                :
                                        :
               Defendant.               :
_____:

**LINARES,** District Judge.

        Pending before this Court are cross-motions for summary judgment.  The Court considers

the motions on the papers pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below,

Plaintiffs' motion is denied, and Defendant's motion is granted in part and denied in part.

**I.      Facts**

        Plaintiffs Laverde, Inc. d/b/a Mezza Luna Bistro Restaurante purchased an existing

restaurant known as Mezza Luna and began operating it on November 20, 2003.  (Pl. SOF ¶ 1.)

Laverde, Inc. is 100% owned by Marco LaVerde.  An accountant by the name of Salvatore

Dispenziere, Jr. handled the prior owner's books.  (Id. ¶ 2.)  Laverde retained Dispenziere to

handle his books as well.  (Id.)

        On January 18, 2004, Mezza Luna closed due to a fire.  (Id. ¶ 4.)  It was, however,

insured under a businessowner's policy (the "Policy") issued by Defendant Sirius America

Insurance Company ("Sirius" or "Defendant") to Laverde, Inc.  (Defs. Motion for Summary

Judgment, Exh. A.)  The Policy insured "business personal property" up to $ 150,000, and it

allowed for recovery of lost net profits for the time reasonably required for the insured to resume

business.  Specifically, the Policy covered the insured's "reduction in net profit, plus continuing

usual operating expenses (such as payroll, utilities, rents, and the like) to the extent such are

necessary to restore [the insured's] business/operations."  (Id., Exh. A at 11.)[1]  Finally, the

Policy also contained a Concealment/Misrepresentation/Fraud clause providing as follows:

> This policy is void if, either before or after a loss or *occurrence* or
> claim, any *insured* misrepresents or knowingly conceals any material
> fact or circumstance, commits fraud, or swears falsely relating to any
> aspect of this insurance (including the information *we* relied upon in
> issuing this contract).  However, if *we* specifically choose not to
> declare this policy void, we do not provide insurance thereto, or for
> the benefit of, any such insureds.

(Id., Exh. A1 at 1.) (emphasis in original.)

Following the fire at Mezza Luna, Laverde made a claim for a loss of "business personal

property" for the amount of the policy limit – $ 150,000.  (Defs. Motion for Summary Judgment,

Exh. B.)  Laverde also claimed lost business income of $203,429.00 for the one-year period

following the date of the fire.  (Id.)  Sirius does not contest that the loss of "business personal

property" exceeded the policy limit, and thus Laverde would ordinarily be entitled to $150,000

for that portion of his policy claim.  This suit, however, revolves around the lost business income

claim and whether or not Laverde fraudulently inflated that figure such that he is precluded under

the Policy from collecting any money at all.

On April 9, 2007, Defendant denied Laverde's insurance claim on the ground that he

"did, in fact, misrepresent and conceal material facts or circumstances, attempt to commit fraud

---

[1] Exhibit A consists of several invoices followed by the terms of the Policy.  Because it is
not clearly numbered, the Court simply cites it by referring to the page number of the exhibit (as
opposed to the page number of the contract or of the invoices).

and swore falsely regarding [the] claim..." (Defs. Motion for Summary Judgment, Exh. H.) Plaintiffs then initiated the present litigation by filing a complaint on March 10, 2008, in the Superior Court of New Jersey, Law Division, Bergen County.  The Complaint alleged breach of contract and bad faith against Sirius and sought compensatory damages, punitive damages, attorney's fees and costs.  In April 2008, Sirius removed the matter to this Court.

Between January 18, 2004, the date of the fire, and April 9, 2007, the date of denial of coverage, the facts are hotly contested.  Defendants claim that Plaintiff fraudulently inflated the loss of income and expenses claim.  They rely upon the testimony of Dispenziere, who resigned as Plaintiff's accountant because Plaintiff was reporting a significant amount of cash that he was not depositing into a checking account and because Dispenziere did not believe all of Plaintiff's revenue claims.  (Docket Entry No. 13, Exh. I ("Dipenziere Dep.") at 40-47.)  Sirius also identifies a misrepresentation between Laverde's first examination under oath, on September 13, 2006, when he testified that he kept detailed records of the restaurant's business "to the penny" and his October 31, 2008 deposition, when he admitted that he would frequently estimate revenues to rounded numbers.  Finally, Sirius relies upon the November 21, 2008 report of certified public accountant James DiGabriele, who analyzed the ratio of Plaintiff's claimed sales to its reported costs of good sold.  DiGabriele concluded "[w]ithin a reasonable degree of accounting certainty that the sales levels for fourth quarter 2003 and first quarter 2004 per the New Jersey State Sales and Use Tax Returns and alleged by Mezza Luna for the claim of lost business profits appear to be substantially and materially overstated." (Docket Entry No. 13, Exh. B ("DiGabriele Report") at 5.)

Laverde, however, denies committing fraud of any kind.  Laverde claims that the previous

owner sold him the restaurant claiming sales of sixteen-to-twenty thousand dollars a week, which would easily substantiate Laverde's business loss claims.  Also, Plaintiff submits his Sales Tax return for November 20, 2003 to December 31, 2003, and for January 1, 2004 to January 17, 2004, both corroborating his revenue numbers.  (Pl. Opp., Exh. A, C.)  Finally, Plaintiff also submits his accountant's work papers, which he argues show bank deposits of $47,000 for November 20 through December 31, 2003.  (Pl. Opp., Exh. B.)

Certainly, both parties argue that the evidence adduced by the other is unreliable.  Sirius notes that Plaintiff filed his tax returns after the January 18, 2004 fire and thus had incentive to inflate the numbers.  Plaintiff notes that Dispenziere prepared and filed the tax returns in question and thus he must have believed the numbers contained within the filings.  At the very least, however, serious questions of material fact remain as to whether or not Plaintiff properly claimed business income following the fire that took place at his restaurant or whether he fraudulently inflated it.  Noting these questions of material fact, the Court turns to the motion before it.

## II.    Standard

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a

trial.  Id. at 324.   In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).   Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings.  See Celotex, 477 U.S. at 324.  Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995)

## III.   Analysis

### A.   Recovery Under the Insurance Policy

Both Sirius and Laverde move for summary judgment with respect to recovery under the Policy.  The law is clear that if Laverde fraudulently committed a post-loss misrepresentation regarding his business income, Sirius is entitled to void the contract in its entirety.  Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 539-40 (1990).  As noted above, however, several genuine issues of material fact exist with respect to whether or not Laverde committed fraud. Accordingly, the cross-motions on this point are denied.

### B.   "Bad Faith" Consequential Damages

Next, Sirius moves for summary judgment on the issue of "bad faith" consequential damages.  In Pickett v. Lloyd's, 131 N.J. 457 (1993), the New Jersey Supreme Court found "a sufficient basis in law to find that an insurance company owes a duty of good faith to its insured in processing a first-party claim."  Id. at 467.  Thus, the Court held that "a cause of action for

5

bad-faith failure to pay an insured's claim is consistent with New Jersey law." Id. at 452. Pursuant to Pickett, to prevail on a claim for bad-faith refusal to pay, a plaintiff must show the absence of a "reasonable basis" for denying the benefits of the policy. Id. at 453. The Pickett Court then stated as follows: "Under the 'fairly debatable' standard, a claimant who could not have established as a matter of law a right to summary judgment on the substantive claim would not be entitled to assert a claim for an insurer's bad-faith refusal to pay the claim." Id. at 454.

Applying Pickett to the case at hand, it is readily apparent that Sirius's motion must be granted. Plaintiff has not prevailed on his substantive claim, and even if he eventually does prevail, the Court finds that Sirius has clearly established at least a reasonable basis for denying the claim. LaVerde's failure to prevail on his own substantive summary judgment motion is fatal to his bad-faith claim for damages. Accordingly, Sirius's motion for summary judgment on this issue is granted.

### C.    Punitive Damages

The Pickett court, with respect to punitive damages, stated: "We agree with those courts that have held that absent egregious circumstances, no right to recover for emotion distress or punitive damages exists for an insurer's allegedly wrongful refusal to pay a first-party claim." Id. at 455. Having found no genuine issue of material fact with respect to Plaintiff's claim for bad-faith consequential damages, the Court also grants Sirius's motion with respect to punitive damages. Plaintiff certainly has pointed to no evidence establishing reckless or malicious conduct on the part of Sirius.

### D.    Counsel Fees

Finally, Sirius moves for summary judgment on the issue of Plaintiff's claim for counsel

6

fees.  New Jersey Court Rule 4:42-9(a)(6) provides for counsel fees "in an action upon a liability or indemnity policy of insurance, in favor of a successful claimant."  New Jersey courts, however, have consistently limited this rule to a situation in which an insurer refuses to indemnify or defend its insured's third-party liability to another entity or person.  The Rule "does not authorize the allowance of a counsel fee to an insured in a direct suit brought against his insurance carrier to enforce casualty-type direct insurance."  Velsey v. Cambridge Mutual Fire Ins. Co., 189 N.J. Super. 521, 522 (App. Div. 1981).  In Eagle Fire Protection Corp. v. First Indemnity of America Ins. Co., the New Jersey Supreme Court confirmed this notion, concluding that Rule 4:42-9(a)(6) did not allow for counsel fees in a direct first-party suit against an insurance carrier.  145 N.J. 345. 363-64 (1996).

The claim in this case is a direct suit by the insurer claiming improper denial of the benefits due him under the Policy.  Accordingly, it does not implicate the insured's third-party liability to another and therefore counsel fees would not be warranted.  Sirius's motion for summary judgment with respect to the issue of attorney's fees is granted.

**IV.    Conclusion**

For the reasons set forth above, the substantive cross-motions for summary judgment are each denied.  Several issues of material face remain as to whether or not Laverde fraudulently claimed inflated business income on his insurance policy.  However, the Court grants Sirius's motion for summary judgment with respect to the issues of bad-faith damages, punitive damages, and counsel fees.  An appropriate Order accompanies this Opinion.

Dated: August 26, 2009                              /s/ Jose L. Linares
                                                    United States District Judge