UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

<u>**LETTER OPINION**</u>

August 18, 2010

<u>**VIA ELECTRONIC FILING**</u>

All Counsel of Record

    Re:    <u>**Marco LaVerde, et al., v. Sirius American Insurance Co.**</u>
             **Civill Action No. 08-1946 (JLL)**

Dear Counsel:

    Pending before the Court is Plaintiffs' second motion for summary judgment.  (D.I. 27). Defendant opposes the motion.  The Court considers the motion on the papers pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, Plaintiffs' motion is DENIED.

    **I.**    <u>**BACKGROUND**</u>

    As the Court writes only for the parties, a familiarity with the underlying facts in this case will be assumed, and will not be repeated here except where necessary to provide context for the motion.

    On August 26, 2009, this Court disposed of pending cross-motions for summary judgment. (D.I. 20).  Two of the Court's rulings in that opinion are particularly relevant here.  First, the Court denied Plaintiffs' motion for summary judgment with respect to recovery under the Policy because several issues of material fact exist with respect to whether or not LaVerde committed

fraud.  Second, the Court granted Defendant's motion for summary judgment because even if Plaintiffs prevail on their substantive claim [i.e., recovery under the Policy], Defendant "has clearly established at least a reasonable basis for denying the claim." Id.

On June 2, 2010, Magistrate Judge Cecchi granted Plaintiffs' request for leave to file "another motion for summary judgment" based on the representation that Plaintiffs had acquired new information not available to them prior to the filing of their original motion for summary judgment. (D.I. 26).  On June 16, 2010, Plaintiffs filed the instant motion seeking summary judgment for recovery under the Policy. (D.I. 27).  Defendant argues that the Court should construe Plaintiffs' motion as one for reconsideration of this Court's August 26th opinion. As stated above, the Court already denied Plaintiffs' first motion for summary with respect to recovery under the Policy because several issues of material fact exist with respect to whether or not LaVerde committed fraud.  Here, Plaintiffs again seek summary judgment with respect to recovery under the plan. (D.I. 26).  The discovery of new evidence not previously available is one of the three grounds for granting reconsideration. See infra Section II.  Therefore, because Plaintiffs moves for summary judgment with respect to the same claim that this Court has already addressed in a prior opinion on the basis of new information not previously available, the Court shall construe the instant motion as a motion for reconsideration.

      II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment.   Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).   Reconsideration, however, is an

extraordinary remedy and should be granted "very sparingly." See L. Civ. R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct.18, 2005) (citing Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986)).  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

**III.  ANALYSIS**

For the following reasons, Plaintiffs' motion is denied.  First, Plaintiffs' motion is untimely. Motions for reconsideration must be filed within ten days of the entry of the judgment. Local Civil Rule 7.1(i).  Here, the Court entered judgment on August 26, 2009.  Plaintiffs, however, filed the instant motion on June 23, 2010, which is more than ten days after the entry of judgment.  Therefore, Plaintiffs' motion is denied as untimely.

Second, even if Plaintiffs timely filed the instant motion, said motion fails to meet any of the three grounds for granting a motion for reconsideration.  With respect to the first ground, Plaintiffs do not indentify an intervening change in control law.  With respect to the second ground, Plaintiffs argue that evidence not previously available has become available, namely a claim decision letter dated April 9, 2007.  However, this letter was attached as an exhibit to Defendant's cross-motion for summary judgment and, therefore, was available to, and could have

been addressed by, Plaintiffs.  (D.I. 25).  In fact, as discussed below, said letter was considered by the Court when granting Defendant's motion for summary judgment.  As such, Plaintiffs fail to meet the second ground for reconsideration.

Finally, with respect to the third ground for reconsideration, Plaintiffs have failed to demonstrate that reconsideration is necessary to correct a clear error of law or prevent manifest injustice with respect to either (1) the Court's denial of summary judgment with respect to Plaintiffs' recovery under the Policy or (2) the Court's granting of summary judgment for Defendant with respect to "bad faith" consequential damages.  As this Court stated in its prior opinion, the law is clear that if LaVerde fraudulently committed a post-loss misrepresentation regarding his business income, then Defendant is entitled to void the contract in its entirety. Longobardi v. Chub Ins. Co. of New Jersey, 121 N.J. 530, 539-40 (1990).  Plaintiffs do not argue that the Court's reliance on Longobardi was misplaced.  And again, as the Court noted in its prior opinion, several genuine issues of material fact exist with respect to whether or not LaVerde committed fraud.  Therefore, reconsideration of the Court's opinion denying Plaintiffs' motion for summary judgment with respect to recovery under the Policy is not necessary to correct a clear error of law or prevent manifest injustice.

Furthermore, to the extent that Plaintiffs now argue that Defendant failed to provide a reasonable basis for the denial of their claim in the April 9, 2007 claim decision letter, the Court notes that it fully considered said letter when denying Plaintiffs' claim for "bad faith" consequential damages. Specifically, the Court explained that Defendant clearly established a reasonable basis under Pickett for denying Plaintiffs' claim.  Pickett v. Lloyd's, 131 N.J. 457, 473 (1993).  Plaintiffs do not argue that the Court's reliance on Pickett was inappropriate. Therefore, reconsideration of the Court's opinion granting summary judgment for Defendant with

respect to "bad faith" consequential damages is not necessary to correct a clear error of law or prevent manifest injustice.[1]

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion is DENIED. An appropriate order accompanies this letter opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge

---

[1] To the extent that Plaintiffs' motion "raises issues that were not raised in the first motion for summary judgment regarding the applicable New Jersey Statutes that govern insurance companies" such issues could have been raised before the original decision was reached. For this reason, Plaintiff's second motion is DENIED. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp 2d 349, 352 (D.N.J. 2001).