**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

August 8, 2011

**NOT FOR PUBLICATION**

**LETTER OPINION**

**VIA U.S. MAIL**

Marco Laverde
C/o Santo Bonanno
1430 Route 23 North
Wayne, New Jersey 07470

Sirius America Insurance Company
C/o Richard Nichols
Gennet, Kallman, Antin & Robinson, PC
6 Campus Drive
Parsippany, New Jersey 07054

    Re:    **Laverde v. Sirius American Insurance Co.**
                **Civil Action No.: 08-1946**

Dear Counsel:

    This matter comes before the Court by way of three motions in limine, two motions by Plaintiff and one motion by Defendant.[1] Oral argument was scheduled for August 3, 2011 and notice was provided to the parties on July 13, 2011.[2] Despite proper scheduling and notice, counsel for Plaintiff failed to appear. Consequently, the Court will rule without oral argument as it is unfair to

---

[1] See CM/ECF Docket Entry Nos. 44 and 45.

[2] See CM/ECF Docket Entry No. 52.

1

require Defendant to reappear and incur additional costs due Plaintiff's counsel's failure to appear. As the Court writes only for the parties, it will discuss its rulings under the assumption that the parties are familiar with the facts and issues under consideration. Having considered the briefs and submissions by the parties, the Court rules as follows.

First, with respect to Plaintiff's motion to exclude the report of defense expert witness James DiGabriele as a "net opinion", the Court denies the motion. Under Federal Rule of Evidence 702, an expert witness may testify if their testimony is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. It is clear from the parties' submissions that DiGabriele relied on the restaurant's general ledgers, check statements, sales and use tax forms, and financial statements in arriving at his opinion. DiGabriele's opinion is based on sufficient facts and data and the methodology used to reach his calculations is reliable, which is sufficient under Rule 702. Plaintiff's argument regarding the fact that Defendant's expert did not take into account the alleged cash sales in his business interruption analysis and related arguments provides an insufficient factual basis to exclude an expert opinion. To the contrary, Plaintiff's argument goes to the weight of evidence, not the admissibility of the evidence. Therefore, Plaintiff's motion to exclude James DiGabriele's testimony is DENIED.

Plaintiff also seeks to bar all evidence acquired after Defendant's denial of Plaintiff's insurance claim on April 9, 2007. Documentary information and testimony obtained through discovery will be admitted at trial if it is deemed relevant based on the basis for which it is being offered and the manner through which it is offered. The trial in this matter will be a bench trial, and, as such, the Court will make a relevance determination as the trial progresses and will exclude any testimony and/or documents not deemed relevant in the context of the trial. Therefore, Plaintiff's motion to exclude all evidence obtained after April 9, 2007 is DENIED.

Defendant moved to bar Plaintiff's witness, Charles Pestcoe's, testimony regarding income loss projections for Mezza Luna. Federal Rule of Evidence 26 requires that a party disclose the identity of all expert witnesses that it may use at trial. Fed. R. Evid. 26. Plaintiff did not name Pestcoe as an expert witness in accordance therewith. The Court rules that inasmuch as Pestcoe was not named as an expert by Plaintiff, he may not testify as an expert under Rule 702. See Fed. R. Evid. 37. Pestcoe's testimony as an expert is therefore barred. Therefore, Pestcoe will not be allowed to testify with respect to what he thinks the loss of income to Plaintiff would have been since that is expert testimony requiring specialized knowledge under Federal Rule of Evidence 702. Pestcoe may, however, testify with respect to the information he compiled and provided to Sirius Insurance Company as such evidence may have some relevance regarding Defendant insurance company's denial of the claim and the information in their possession at the time of the denial.

*Finally, the Court ruled that Mr. Bonanno's unexcused absence at the oral argument on August 3, 2011 warranted the imposition of costs. The Court originally ordered Plaintiff's counsel pay Defendant's counsel, Richard Nichols, attorney fees incurred in preparing for and appearing at oral argument. Mr. Bonanno now contends that he previously wrote a letter informing the Court*

of his intended absence at the oral argument on August 3, 2011. The letter was neither received via mail nor filed electronically. Regardless, defense counsel informed the Court via letter dated August 5, 2011 that he does not wish to pursue the award of attorney's fees. Therefore that portion of the Court's order is vacated.

The matter is hereby scheduled for a firm trial date on ___Dec 14___, at __10__ A.M. before this Court, Courtroom 5D, 5th floor, Martin Luther King Jr., Federal Building, Newark, New Jersey. Counsel must be prepared and ready to proceed to trial at that time.

Very truly yours,

Jose L. Linares,
United States District Judge

JLL/mjb